UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
ACTION NO._____

*ELECTRONICALLY FILED*

CRYSTAL LEE MEIBEYER, as Administratrix of
The Estate of CASSANDRA LEIGH BYRD,                                           PLAINTIFF

VS:                    **COMPLAINT AND JURY DEMAND**

WHITLEY COUNTY, KENTUCKY, and
WHITLEY COUNTY SHERIFF DEPARTMENT, and,
SHERIFF LAWRENCE HODGE, Inidividually and
In His Official Capacity, and Current or former Deputy
BEN HODGE                                                                     DEFENDANTS

    Serve:  Whitley County Judge Executive,
             Hon. Pat White, Jr.
             Courthouse, 200 Main Street
             Williamsburg, Kentucky 40769-0568

             Paul Winchester, Esq., County Attorney
             211 Main Street
             Williamsburg, Kentucky 40769-0568

             Sheriff Lawrence Hodge
             Courthouse, 200 Main Street
             Williamsburg, Kentucky 40769-0118

             Deputy Sheriff Ben Hodge
             735 New Zion Church Road
             Williamsburg, Kentucky 40769-8681

\* \* \* \* \* \* \* \*

MAY IT PLEASE THE COURT:

Comes the Plaintiff, Crystal Lee Meibeyer, as Administratrix of The Estate of Cassandra Leigh Byrd, by and through Counsel, and for her Complaint against the Defendants, states as follows:

**INTRODUCTION**

This is an action for damages under 42 U.S.C. Section 1983 for violations of Plaintiff's Constitutional Rights as well as violations of state statutory and common law arising from the misuse of state power, by officials of Whitley County, Kentucky under color of state law, which resulted in the wrongful death of the Plaintiff by Deputy Sheriff Ben Hodge and the Whitley County Sheriff's Department.  Plaintiff seeks redress for the violations of Plaintiff's civil rights, consequential damages, actual damages, punitive damages, and attorney fees, as well as damages for the tortious acts of assault and battery, intentional infliction of emotional distress, among other causes of action specified below.

## JURISDICTION AND VENUE

1.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original district court jurisdiction over cases presenting federal questions.

2.  Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims which are so related to the federal law claims that they form one case or controversy for Article III purposes.

3.  Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4.  Plaintiff reasserts, adopts and incorporates each and every allegation contained in numerical paragraphs 1-3 of Plaintiff's complaint as set forth fully herein.

5.  Crystal Lee Meibeyer, the Plaintiff herein, is and at all relevant times has been an individual resident of 2186 Washington Avenue, Frankfort, Indiana 46041.   Plaintiff is the Administratrix of the Estate of Cassandra Leigh Byrd, deceased.

6.  Defendant Whitley County, is and was at all times a political body and subdivision of the Commonwealth of Kentucky, and at all times mentioned herein, employed,

and was responsible for the establishment of policies, customs and practices governing the employment, training, supervision and conduct of the officers and employees of the Sheriff's Department.

7. Defendant Sheriff Lawrence Hodge, Sheriff of Whitley County, was responsible for the establishment of policies either formally or by custom and practice for, and for the establishment, training, supervision and conduct of his officers and employees of the Whitley County Sheriff's Department.

8. The Whitley County Sheriff Department, a Defendant herein, is and was at all times a political body created by the laws of the Commonwealth of Kentucky and existing therein for the general purposes of law enforcement. This Defendant's agent for service of process is the Whitley County Judge Executive, Pat White. Whitley County Attorney, Hon. Paul Winchester, is also being served with process.

9. Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of the law of the Commonwealth of Kentucky and Whitley County. The offenses described below resulted from the failure of Defendants to employ qualified person for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such person after their employment, and/or to properly fund ongoing Sheriff Department operations and to provide conditions that met constitutional standards, and/or to promulgate appropriate operating policies and procedures either formally or by custom and practice to protect the constitutional rights of the citizens of the Commonwealth of Kentucky. Defendants' conduct was intentional or grossly negligent, and was indicative not only of deliberate indifference to, but active malice and a total and reckless disregard for the constitutional and common law rights of Plaintiff, justifying an award of punitive damages in

addition to the actual damages which Plaintiff is entitled to recover.

10. Sheriff Lawrence Hodge, a Defendant herein, is an was at all times relevant hereto an elected law enforcement official whose business address for service of process is Courthouse, 200 Main Street, Williamsburg, Kentucky 40769-0118. This Defendant is reasonably believed to be a resident of Whitley County, Kentucky.

11. Deputy Ben Hodge, a Defendant herein, is believed at all times hereto to be or to have been an employee, deputy, or other state or local official of or associated with the Whitley County Sheriff's Department and/or was an appointee of Sheriff Lawrence Hodge or other political or law enforcement officers of Whitley County, acting under his/their direction and authority. Upon information and belief the Defendant, Ben Hodge, may no longer be employed by or associated with the Whitley County Sheriff's Office and is being served at his last known residence: 735 New Zion Church Road, Williamsburg, Kentucky 40769-8681.

12. At all times relevant herein, the Defendants acted under color of state law, and the illegal conduct identified herein involved the acts or omissions of state officials or public employees acting in their official capacities or exercising (or purporting to exercise) official or state authority.

## FACTUAL ALLEGATIONS

13. Plaintiff reasserts, adopts and incorporates each and every allegation contained in numerical paragraphs 1-12 of Plaintiff's complaint as set forth fully herein.

14. Defendants, Whitley County, the Whitley County Sheriff's Department, Sheriff Lawrence Hodge and Deputy Ben Hodge individually and/or in concert with each other, committed acts under color of state law which deprived Plaintiff of her rights, privileges and

immunities secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States; such acts which are more specifically state herein.

15. At all times and for all acts stated herein, Defendants Lawrence Hodge and Ben Hodge acted individually and in their official capacities as the Sheriff and as a Deputy Sheriff of Whitley County, Kentucky, respectively.

16. Defendants Whitley County and the Whitley County Sheriff's Department have clearly failed to institute any policies, customs or practices, or to employ qualified persons, or to properly train Sheriff employees to prevent or alleviate conditions such as those set forth herein. Their actions and/or inactions have exhibited a deliberate indifference to the Constitutional rights of the citizens of Whitley County and to the Plaintiff, herein.

17. On or around June 5, 2010 while in the custody of Deputy Sheriff Ben Hodge, Plaintiff Cassandra Leigh Byrd, deceased, was struck by a vehicle on I-75 South, Mile Marker 8, Williamsburg, Kentucky.

18. The force of the impact caused Plaintiff Cassandra Leigh Byrd, deceased, to suffer severe injuries including blunt force trauma to the head and chest area. Plaintiff was pronounced dead at the scene.

19. Defendant Deputy Ben Hodge's actions were so willful, wanton, malicious and in utter disregard for Plaintiff's rights as to warrant the imposition of punitive damages.

20. No reasonable deputy or law enforcement officer would have engaged in the kind of conduct, in relation to the Plaintiff, alleged herein, nor could any reasonable deputy or law enforcement officer or official believe that his actions were lawful in light of the clearly established law.

21. Defendant Sheriff Lawrence Hodge and/or his department are liable for the acts and conduct, and all damages and costs caused by his deputy Ben Hodge's acts or omissions, pursuant to KRS 70.040 and/or other applicable Kentucky and federal statutory and common law.

22. Upon information and belief, Whitley County Deputy Sheriffs routinely interact with citizens. These interactions are sufficiently frequent and serious - and fraught with danger for the police, and bystanders alike - as to make adequate training necessary and obvious. The Sheriff and his Department's failure to provide adequate training, especially training about interactions with unarmed citizens, constitutes deliberate indifference to this obvious need.

23. Each of the above allegations is asserted or reasserted as necessary with respect to each and every Count set forth herein below.

## COUNT I

24. Plaintiff reasserts, adopts and incorporates each and every allegation contained in numerical paragraphs 1-23 of Plaintiff's complaint as set forth fully herein.

25. Plaintiff's treatment was the result of a continued pattern of misconduct and is the result of the policies, procedures, customs and practices of Whitley County, either written or unwritten, that are systematically applied by the Whitley County Sheriff's Department. Such practices constitute an arbitrary use of government power, and evince a total, intentional and unreasonable disregard for and deliberate indifference to the health, well-being and constitutional and common law rights of persons, including Plaintiff, and the wholesale violation of those rights likely to result from the systematic pursuit of such policies, customs and practices.

26. Moreover, given the pre-existing law that clearly prohibited Defendants' conduct,

Defendants' treatment of Plaintiff was intentional, wanton and malicious, and was indicative of Dependants' total and reckless disregard of and deliberate indifference to the rights of, and harm to, Plaintiff.

27. As a direct and proximate result of the Defendants' violation of Plaintiff's civil rights as stated above, Plaintiff incurred consequential damages.

28. Defendants' violations of Plaintiff's civil rights as stated above were a substantial factor in causing Plaintiff to suffer physical pain and suffering including death, lost wages or earnings, medical expenses and inability to earn money in the future.

29. Defendants acted intentionally, maliciously or with reckless disregard or callous indifference to the rights of Plaintiff and are liable for punitive damages.

### COUNT II: VIOLATIONS OF 42 U.S.C. § 1983

30. Plaintiff reasserts, adopts and incorporates each and every allegation contained in numerical paragraphs 1-29 of Plaintiff's complaint as set forth fully herein.

31. Defendants, individually or in concert and/or together, committed acts under color of state law as alleged above, which deprived Plaintiff of her rights, privileges and immunities secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

32. As a direct and proximate result of the Defendants' violation of Plaintiff's civil rights as stated above, Plaintiff incurred consequential damages.

33. Defendants' violations of Plaintiff's clearly established civil rights as stated above were a substantial factor in causing Plaintiff to suffer physical pain up to and including death, lost wages or earnings, medical expenses and the impairment of her ability to earn money in the future.

34. Defendants acted intentionally, maliciously or with reckless disregard or callous

indifference to the rights of Plaintiff and are liable for punitive damages.

35. No reasonable county official could have believed his actions were lawful in light of clearly established law.

## COUNT III: SEARCH AND SEIZURE

36. Plaintiff reasserts, adopts and incorporates each and every allegation contained in numerical paragraphs 1-35 of Plaintiff's complaint as set forth fully herein.

37. Defendant Hodge's unauthorized purported arrest or attempt to arrest the Plaintiff constituted an unreasonable search and/or seizure because they deprived Plaintiff of her liberty without her consent or against her will.

38. Defendants should have known or knew that Plaintiff had not committed any act for which arrest or detention was authorized.

39. Defendants thus deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

40. Defendants' violations of Plaintiff's civil rights as stated above were a substantial factor in causing Plaintiff to suffer physical pain up to and including death, lost wages or earnings, medical expenses and the impairment of her ability to earn money in the future.

41. Defendants acted intentionally, maliciously or with reckless disregard or callous indifference to the rights of Plaintiff and are liable for punitive damages.

## COUNT IV: FALSE ARREST/FALSE IMPRISONMENT

42. Plaintiff reasserts, adopts and incorporates each and every allegation contained in numerical paragraphs 1-41 of Plaintiff's complaint as set forth fully herein.

43. The Defendants deprived Plaintiff of her liberty without her consent and against her will.

44.     Defendants exercised direct restraint of Plaintiff by use of words, acts, gestures and force.

45.     Defendants knew or should have known through a reasonable investigation that Plaintiff had committed no crime, and was not subject to arrest and that any attempted arrest was invalid.

46.     Defendants' violations of Plaintiff's clearly established civil rights and of her rights under Kentucky law as stated above were a substantial factor in causing Plaintiff to suffer physical pain up to and including death, lot wages or earnings, medical expenses and the impairment of her ability to earn money in the future.

47.     As a direct and proximate result of the Defendants false arrest and false imprisonment of Plaintiff, Plaintiff incurred consequential damages.

48.     Defendants acted intentionally, maliciously, or with reckless disregard or callous indifference to the rights of Plaintiff and are liable for punitive damages.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Tort of Outrage)

49.     Plaintiff reasserts, adopts and incorporates each and every allegation contained in numerical paragraphs 1-48 of Plaintiff's complaint as set forth fully herein.

50.     Defendants acted intentionally or recklessly when they committed the acts enumerated above.

51.     The aforementioned conduct of the Defendants were so outrageous and intolerable that it offends the generally accepted standards of decency and morality.

52.     The aforementioned conduct was a substantial factor in causing Plaintiff severe emotional distress for which Plaintiff has incurred expenses.

53. Defendants acted intentionally, maliciously, or with reckless disregard or callous indifference to the rights of Plaintiff and are liable for punitive damages.

## COUNT VI: NEGLIGENCE

54. Plaintiff reasserts, adopts and incorporates each and every allegation contained in numerical paragraphs 1-53 of Plaintiff's complaint as set forth fully herein.

55. Deputy Hodge's acts and omissions were negligent, reckless or wanton and occurred within the scope and course of his employment or other authority granted him as a Whitley County Deputy Sheriff.

56. The acts and omissions described above were a substantial factor in bringing about Plaintiff's injuries.

57. As a result, Plaintiff has suffered those damages herein above alleged, including but not limited to the destruction of her power to labor and earn money, endured pain and suffering up to and including death, and incurred expenses.

58. Defendants deprived Plaintiff of rights secured by Kentucky tort law.

59. The Sheriff's department is liable for Deputy Hodge's acts or omissions by virtue of KRS 70.040.

## COUNT VII: FAILURE TO TRAIN

60. Plaintiff reasserts, adopts and incorporates each and every allegation contained in numerical paragraphs 1-59 of Plaintiff's complaint as set forth fully herein.

61. The Sheriff and his Department were deliberately indifferent to its police officers' need for training about interactions with citizens.

62. The Sheriff and his Department therefore is liable for the constitutional deprivations caused by Deputy Hodges's interaction with Plaintiff as set forth

above.

63. As a direct and proximate result of the Defendants' violation of Plaintiff's civil rights as stated above, Plaintiff incurred consequential damages.

64. Defendants' violations of Plaintiff's civil rights as stated above were a substantial factor in causing Plaintiff to suffer physical pain up to and including death, lot wages or earnings, medical expenses and the impairment of her ability to earn money in the future.

65. Defendants acted intentionally, maliciously, or with reckless disregard or callous indifference to the rights of Plaintiff and are liable for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Crystal Lee Meibeyer, as Administratrix of The Estate of Cassandra Leigh Byrd, deceased, demands judgment against the Defendants, Whitley County Sheriff's Department, Sheriff Lawrence Hodge and Ben Hodge, in amounts considered fair and reasonable by the jury based upon the evidence, and for the following:

1. Physical, mental and emotional pain and suffering, up to and including death;

2. Impairment of Plaintiff's power to labor and earn money;

3. An award of compensatory damages, in an amount to be proven at trial including but not limited to medical expenses;

4. Reimbursement for fees and other consequential expenses;

5. Punitive damages;

6. Reasonable attorney fees pursuant to 42 U.S.C. § 1988;

7. Her costs herein incurred;

8. TRIAL BY JURY on all issues so triable; and

9. Any and all other relief to which Plaintiff may appear entitled, including leave to

amend this Complaint.

            Respectfully submitted,

             /s/   Hon. Hailey Bonham
            HON. WARREN N. SCOVILLE
            HON. HAILEY BONHAM
            The Scoville Firm
            105 NORTH MAIN STREET
            LONDON, KY 40741
            PHONE: (606) 878-6400
            FAX: (606) 878-9486